**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANCES SCOTT-CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ASSET RECOVERY SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Frances Scott-Clark brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Recovery Solutions, LLC  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits, in the course of debt collection attempts, the use of unfair or unconscionable methods, harassing or abusive conduct, and false or misleading representations.  The FDCPA also requires the disclosure of information about an alleged debt, and consumers' rights with respect to debt collection activities. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications occurred within this District;

   b. Defendant does business within this District.

## PARTIES

6. Plaintiff Frances Scott-Clark is an individual who resides in the Northern District of Illinois.

7. Defendant Asset Recovery Solutions, LLC is a limited liability company organized under Illinois law with offices at 2200 E. Devon Ave., Suite 200, Des Plaines, IL 60018. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. Asset Recovery Solutions, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Asset Recovery Solutions, LLC is a debt collector as defined in the FDCPA.

## FACTS

10. Defendant has been attempting to collect from plaintiff an alleged debt incurred, if at all, for personal, family or household purposes.

11. On or about April 2, 2013, and again on or about April 3, 2013, representatives of defendant Asset Recovery Solutions, LLC telephoned a friend of plaintiff and stated that they were looking for plaintiff because they were trying to collect a debt from plaintiff.

12. On the first occasion the caller left the number 888-678-9004 and on the second the caller left the number 773-696-5083.

13. Both of these numbers are issued to defendant.

14. Plaintiff was embarrassed and aggravated as a result.

## COUNT I – FDCPA

15. Plaintiff incorporates paragraphs 1-14.

16. Defendant violated 15 U.S.C. §1692c by communicating about the debt with a third party.

17. Section 1692c provides:

> **§ 1692c.      Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

   i.   Section 1692b, referred to in §1692c, provides:

> **§ 1692b.      Acquisition of location information [Section 804 of P.L.]**
>
> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**
>
> **(1)      identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**
>
> **(2)      not state that such consumer owes any debt;**
>
> **(3)      not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**
>
> **(4)      not communicate by post card;**
>
> **(5)      not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**
>
> **(6)      after the debt collector knows the consumer is represented by an**

> attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

18.    Plaintiff incorporates paragraphs 1-14.

19.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

20.    Defendant violated the following provisions of 225 ILCS 425/9(a):

> **. . . (17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

21.    Defendant violated the following provisions of 225 ILCS 425/9.2:

> **225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**
>
> **Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances:**
>
> **(1) At any unusual time, place, or manner that is known or should be known to be inconvenient to the debtor. In the absence of knowledge of circumstances to the contrary, a debt collector or collection agency shall assume that the convenient time for communicating with a debtor is after 8 o'clock a.m. and before 9 o'clock p.m. local time at the debtor's location.**
>
> **(2) If the debt collector or collection agency knows the debtor is**

> represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor.
>
> (3) At the debtor's place of employment, if the debt collector or collection agency knows or has reason to know that the debtor's employer prohibits the debtor from receiving such communication.
>
> **(b)** Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency.
>
> **(c)** If a debtor notifies a debt collector or collection agency in writing that the debtor refuses to pay a debt or that the debtor wishes the debt collector or collection agency to cease further communication with the debtor, the debt collector or collection agency may not communicate further with the debtor with respect to such debt, except to perform any of the following tasks:
>
> > (1) Advise the debtor that the debt collector's or collection agency's further efforts are being terminated.
> >
> > (2) Notify the debtor that the collection agency or creditor may invoke specified remedies that are ordinarily invoked by such collection agency or creditor.
> >
> > (3) Notify the debtor that the collection agency or creditor intends to invoke a specified remedy.
>
> If such notice from the debtor is made by mail, notification shall be complete upon receipt.
>
> **(d)** For the purposes of this Section, "debtor" includes the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

22. Defendant violated the following provisions of 225 ILCS 425/9.1:

> **225 ILCS 425/9.1. (Effective January 1, 2008) Communication with persons other than debtor**
>
> Sec. 9.1. (a) Any debt collector or collection agency communicating with any person other than the debtor for the purpose of acquiring location information about the debtor shall:
>
> > (1) identify himself or herself, state that he or she is confirming or correcting location information concerning the consumer, and, only if

5

**expressly requested, identify his or her employer;**

**(2) not state that the consumer owes any debt;**

**(3) not communicate with any person more than once unless requested to do so by the person or unless the debt collector or collection agency reasonably believes that the earlier response of the person is erroneous or incomplete and that the person now has correct or complete location information;**

**(4) not communicate by postcard;**

**(5) not use any language or symbol on any envelope or in the contents of any communication effected by mail or telegram that indicates that the debt collector or collection agency is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6) after the debt collector or collection agency knows the debtor is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain the attorney's name and address, not communicate with any person other than the attorney, unless the attorney fails to respond within a reasonable period of time, not less than 30 days, to communication from the debt collector or collection agency.**

23. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

24. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1)    Compensatory and punitive damages;

    (2)    Costs.

    (3)    Such other and further relief as is appropriate.

                                         s/Daniel A. Edelman
                                         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200

(312) 419-0379 (FAX)
courtecl@edcombs.com

## VERIFICATION

  The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

*Frances Scott-Clark*
Frances Scott-Clark

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                  s/Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com